**SO ORDERED.**

**SIGNED January 03, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
             UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF LOUISIANA
                LAFAYETTE-OPELOUSAS DIVISION

IN RE:

BODY MASTERS SPORTS                        CASE NO. 05-50059
   INDUSTRIES INC.,

   Debtor                                  Chapter 11
```
-----------------------------------------------------------------
## MEMORANDUM RULING
-----------------------------------------------------------------

Body Masters Sports Industries, Inc. ("Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code[1] on January 10, 2005, and on that day an order for relief was duly entered. The Debtor remains in possession of its property as a debtor in possession as no chapter 11 trustee has been appointed.

The Debtor initially filed a plan and disclosure statement on May 6, 2005. Substantial opposition to the adequacy of the

---

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code will be shown as "section ___."

disclosure statement has been raised by what appears to be the Debtor's sole antagonist, J.M. Tull Metals Company, Inc. ("Tull"). After several iterations, the adequacy of the Fifth Amended Disclosure Statement ("Disclosure Statement") was considered by the court on October 18, 2005. Tull continues to object. After hearing from counsel, the matter was taken under advisement.

The substantial objections raised by Tull at this stage are two-fold: adequacy of disclosure relating to insider transactions and lack of feasibility.

The concept of "adequate information" presents a standard which is loosely defined, very subjective, and within the broad discretion of the trial judge:

> The legislative history of § 1125 indicates that, in determining what constitutes "adequate information" with respect to a particular disclosure statement, "[b]oth the kind and form of information are left essentially to the judicial discretion of the court" and that "[t]he information required will necessarily be governed by the circumstances of the case." S.Rep. No. 95- 989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907; *see also Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.),* 844 F.2d 1142, 1157 (5th Cir.1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."), *vacated on other grounds, Adams v. First Fin. Dev. Corp. (In re First Fin. Dev. Corp.),* 960 F.2d 23 (5th Cir.1992).

Matter of Cajun Elec. Power Co-op., Inc., 150 F.3d 503, 518 (5th Cir. 1998). Having reviewed the Disclosure Statement and its attachments, the court finds that sufficient information is contained therein to satisfy the standard of section 1125.

2

Tull next argues that the Debtor's financial results during the chapter 11 proceeding suggests that its plan is not feasible and, in accordance with Fifth Circuit jurisprudence, the Disclosure Statement should not be approved. In this regard, this court has opined in the case of In re Cinque, Inc. of New Jersey, Case No. 96-51316, that—

> a disclosure statement should not be approved if the proposed plan, as a matter of law, cannot be confirmed. (Citations omitted.) The reasoning behind such a holding is obvious---the estate should not be burdened (both in terms of time and expense) with going through the printing, mailing, noticing, balloting, and other exercises in the confirmation process where inability to attain confirmation is a *fait accompli.*

The instant case, however, is quite different from Cinque. The objecting creditor in that case had acquired virtually all of the claims held by unsecured creditors. There was no possible way for the plan as proposed to be confirmed. In this case, however, while there is an issue of feasibility, a full hearing on that issue has not been conducted. That is to be accomplished at the hearing on confirmation.

The foregoing objections, as well as the other objections to the Disclosure Statement raised by Tull, are overruled, and, accordingly, the court concludes that the Disclosure Statement satisfies the adequate information requirement of section 1125. The Clerk of the Bankruptcy Court shall enter an appropriate order.

**IT IS SO ORDERED.**

###

3